CALLIE INFINGER, *et al.,* v. STATE.

160 So. 202.
Division B.
Opinion Filed March 15, 1935.

*Purl G. Adams,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

BUFORD, J.—In this case one Callie Infinger and one Avery Infinger were convicted of grand larceny under the First Count of an indictment, while Willie Pickeron was convicted under the Second Count of the same indictment of the offense of receiving and concealing stolen property, knowing the same to have been stolen.

The assignment of error is that the court erred in denying and overruling defendant's motion for a new trial. The motion for a new trial contains four grounds, as follows:

"1.   Because the verdict is contrary to the law.

"2.   Because the verdict is contrary to and unsupported by the evidence.

"3.   Because the verdict was contrary to the law and the evidence.

"4.   Because the State failed to the venue of the offense."

We assume that the last ground was intended to read, "Because the State failed to *prove* the venue of the offense."

The State proved definitely that the offense was committed in Walton County, Florida.

The Plaintiff in error has argued all assignments of error together and the burden of the argument is that the evidence is not sufficient to support the verdict of guilty. A careful reading of the record discloses that the State proved the offense by an eye witness and by circumstantial evidence which strongly corroborated the statement of the eye witness who testified that he saw one of the defendants take the pocket-book containing the money from the victim's pocket while the victim was asleep and that the defendant who took the money, opened the pocket-book and gave several of those present parts of the money, giving that particular witness one of the twenty dollar bills.

It is contended that the indictment charged the money stolen to have been the property of one Henry Agerton, while the record showed the name of the owner of the money was Henry Eggerton. The record does not clearly show that this contention is based upon fact.

It appears from the record that the reporter spelled the name "E-G-G-E-R-T-O-N," but there is no definite proof in the record as to whether the name is spelled "A-G-E-R-T-O-N" or "E-G-G-E-R-T-O-N." No evidence was interposed to the evidence showing that the money was taken from the pocket of Eggerton and therefore it is not necessary for us to determine the question as to whether or not the two names are *idem sonans* as this question was not submitted to the court below and it is apparent from the record that during the trial it was not observed that there was any difference between the name of the owner of the property as alleged in the indictment and the name of the owner of the property as it was proved at the trial. So, we hold there is no merit in this contention.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.